UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ALBERTA BRAY *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-296 AS |
| | ) | |
| GULF STREAM COACH, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

On August 19, 2005, this matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) to conduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for the disposition of Plaintiffs' complaint. In order to assist this Court with the scheduling of and preparation for an evidentiary hearing, on August 7, 2006, this Court ordered the parties to file written status reports by August 25, 2006. Defendants filed a status report, but Plaintiffs did not. Consequently, on September 5, 2006, this Court issued an order to show cause directing Plaintiffs to show cause for their failure to comply with this Court's order and why their case should not be dismissed for failure to prosecute their claim. As of this date, Plaintiffs have still not responded to this Court's initial order or the order to show cause, despite this Court's warning pursuant to Timms v. Frank, 953 F.2d 281, 285-86 (7th Cir. 1992) and Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982), that failure to do so may result in a dismissal of their case.

Under Fed. R. Civ. P. 41, a plaintiff's case may be dismissed for failure to prosecute his or her claim or to comply with court orders. Plaintiffs have failed to comply with two court orders, and they have provided no written documentation explaining their inaction.

Because Plaintiffs have failed to respond to this Court's orders, this Court can only assume that Plaintiffs have abandoned their case. Consequently, for the aforementioned reasons, this Court **RECOMMENDS** that Plaintiffs' case be **DISMISSED WITHOUT PREJUDICE**.

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED.**

Dated this 13th Day of October, 2006.

s/Christopher A. Nuechterlein<br>
Christopher A. Nuechterlein<br>
United States Magistrate Judge